10-2226-ag
Dong v. Holder

BIA
A077 293 437

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of July, two thousand eleven.

PRESENT:
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

JIA QUN DONG,
> *Petitioner*,

v.                                                          10-2226-ag
                                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jan Potemkin, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Lindsay Corliss, Law Clerk, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jia Qun Dong, a native and citizen of the People's Republic of China, seeks review of a May 11, 2010, order of the BIA denying his motion to reopen his removal proceedings. *In re Jia Qun Dong*, No. A077 293 437 (B.I.A. May 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the factfinding underlying the BIA's denial of a motion to reopen for abuse of discretion. *See Luna v. Holder*, 637 F.3d 85, 102-03 (2d Cir. 2011). Because Dong's motion to reopen asylum proceedings was filed more than 90 days after entry of his order of removal, Dong was required to show changed country conditions in China. 8 U.S.C. § 1229a(c)(7)(C).

We conclude that the BIA did not abuse its discretion in finding that Dong failed to meet his burden of presenting evidence that country conditions in China had changed with regard to the treatment of Falun Gong practitioners. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (requiring evidence of changed country conditions). Further, although Dong presented alleged notices from Chinese authorities warning him to cease his Falun Gong activities, the BIA did not abuse its discretion in finding that neither the notices nor the other evidence in the record indicated that authorities were actively seeking to punish him.

For the foregoing reasons, Dong's petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2